**Ramon ALVAREZ, Plaintiff–Appellant,**

v.

**Thomas A. COUGHLIN, Commissioner New York State Department of Correctional Services, Sgt. Davis, Sergeant, Sgt. Emery, Sergeant, W.** **Smith, Corrections Officer, M. Hamilton, Corrections Officer, Mushen, Corrections Officer, Thomas Farns, Correctional Officer at Riverview Corr., Walter Lincoln, Correctional Officer at Riverview Corr. Facility, William Brunet, Sergeant, Defendants–Appellees,**

**J. Baker, Correction Officer, W. Barkely, Superintendent at Riverview Correctional Facility, Defendants.**

Docket No. 01–302.

United States Court of Appeals, Second Circuit.

June 18, 2002.

Ramon Alvarez, pro se, Albany, NY, for Appellant.

Nancy A. Spiegel and Victor Paladino, Assistant Attorneys General for the State of New York (Eliot Spitzer, Attorney General of the State of New York, of counsel), Albany, NY, for Appellee.

Present MINER, CABRANES and POOLER, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the cause is **DISMISSED** without prejudice.

Ramon Alvarez, *pro se, in forma pauperis,* appeals from the judgment entered by the District Court following Alvarez's jury trial on claims arising under 42 U.S.C. § 1983 against the New York State Department of Corrections and several corrections officers.

Alvarez, incarcerated at the Riverview Correctional Facility in Albany, New York,

filed a *pro se* complaint with the District Court on August 5, 1994 alleging that on July 18, 1993, he was assaulted multiple times by corrections officers, sustained serious injuries from the assaults, and received inadequate medical attention for the injuries. A two-day jury trial was held on November 13 and 14, 2001, in which counsel appointed by the District Court represented Alvarez. The jury returned a verdict in favor of the Defendants on all counts.

Alvarez complains on appeal of errors at trial. The claims of error at trial that we may construe Alvarez to raise are whether the trial judge erred in: (1) appointing ineffective counsel; (2) not recusing himself for alleged bias; (3) not permitting Alvarez to present witness testimony on his behalf; (4) discontinuing the jury trial when four of the defendants had yet to testify; (5) dismissing two defendants without closing all of the evidence related to them;(6) intervening in Alvarez's examination of a witness in a manner that intimidated Alvarez; (7) keeping Alvarez shackled during the trial; and (8) removing Alvarez from the court room during jury deliberations.

We are unable to review the claims in the absence of a transcript of the trial. Accordingly, we DISMISS the appeal without prejudice.

Appellant may have his appeal restored to the docket of the Court of Appeals if, within 90 days of the issuance of the mandate of this Court, he files in the District Court a copy of the transcript of the trial (having obtained a copy from the Official Court Reporter by purchase in the ordinary course) or files a motion pursuant to 28 U.S.C. § 753(f) to obtain a free transcript. The District Court is directed to act upon any such motion within 21 days of its filing. If no such transcript or motion is filed in the District Court within the time prescribed, this dismissal of the appeal shall be deemed to have been entered with prejudice. If Appellant obtains a transcript as noted above, the Clerk shall restore this case to the docket of the Court of Appeals upon notice to her by either party that there appears to have been compliance with this Court's mandate. This panel shall not retain continuing jurisdiction over any such putative appeal.

The mandate shall issue forthwith.